FILED

04/26/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0345

DA 16-0345

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 98N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

LUKE SORAICH,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 96-065
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jami Rebsom, Jami Rebsom Law Firm, PLLC, Livingston, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

            Scott Twito, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs:  April 12, 2017

Decided:  April 26, 2017

Filed:

                              Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Luke Soraich appeals the order of the Thirteenth Judicial District Court denying his petition to suspend the remainder of his deliberate homicide sentence and for an order sentencing him to boot camp. We affirm.

¶3     In 1997, Soraich—then twenty years old—was sentenced to 100 years in Montana State Prison for deliberate homicide. He petitioned the District Court in 2016 to suspend his remaining sentence and order that he attend boot camp. The District Court denied Soraich's petition, concluding that it did not have statutory authority to modify his sentence and that he was ineligible for boot camp.

¶4     We review a district court's interpretation of a statute de novo. *State v. Cooksey*, 2012 MT 226, ¶ 32, 366 Mont. 346, 286 P.3d 1174. Our role in interpreting a statute is to "ascertain and declare what is in terms or substance contained in a statute, and not to insert what is omitted or omit what is inserted." *Cooksey*, ¶ 32 (citation and internal quotations omitted). In doing so we look to the plain language of the statute. *Cooksey*, ¶ 32.

¶5     "In order to be eligible for participation in the boot camp incarceration program, an inmate . . . must be serving a sentence . . . for a felony offense *other than* a felony

punishable by death." Section 53-30-403(2), MCA (emphasis added). At the time Soraich was convicted, the deliberate homicide statute provided that

> [a] person convicted of the offense of deliberate homicide shall be punished by death as provided in 46-18-301 through 46-18-310, by life imprisonment, or by imprisonment in the state prison for a term of not less than 10 years or more than 100 years, except as provided in 46-18-219 and 46-18-222.

Section 45-5-102(2), MCA (1997). Soraich was not sentenced to death, and he argues that the State never sought the death penalty or suggested that any aggravating factors existed that could have supported its imposition in his case. His argument misconstrues the statute. The felony for which Soraich was convicted—deliberate homicide—was "punishable by death," whether or not that punishment was imposed. Section 53-30-403(2), MCA. Accordingly, pursuant to the plain language of § 53-30-403(2), MCA, Soraich was ineligible for participation in the boot camp program. The District Court correctly concluded as much.

¶6     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by statute. The District Court's interpretation of the law was correct and we affirm its order denying Soraich's petition to suspend the remainder of his sentence and sentence him to boot camp.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

3